USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/13/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAIME MARQUIT,

    Plaintiff,

-against-

MYLAN SPECIALTY, L.P., ABC CORPORATIONS 1-10, and JOHN DOES 1-10,

    Defendant.

1:18-cv-00647 (ALC)

**OPINION & ORDER ADOPTING REPORT AND RECOMMENDATION**

ANDREW L. CARTER, JR., District Judge:

Before the Court are objections to the Report and Recommendation (the "Report") issued by Magistrate Judge Kevin Nathaniel Fox. *See Report and Recommendation*, ECF No. 60. In the Report, Judge Fox recommends granting in part and denying in part Defendant's motion for summary judgment. For the reasons set forth below, the Court adopts the Report.

## STANDARD OF REVIEW

A district judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of a case. 28 U.S.C. §§ 636(b)(1)(A)-(C). Following the filing of a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations" within fourteen (14) days of being served with a copy of the report and recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). When a district court evaluates a magistrate judge's report and recommendation, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In particular, the district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y.2012)

(citing Fed.R.Civ.P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985)).

By contrast, a reviewing court must undertake a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir.1997). This does not hold true, however, when a party makes only conclusory or general objections or "simply reiterates his original arguments." *Phillips v. Girdich*, 03 Civ. 3317, 2009 WL 1868608, at *2 (S.D.N.Y. June 23, 2009). In such a case, the Court reviews the Report only for clear error. *Id.* Additionally, "new claims may not be raised properly at this juncture," so any "new claims, presented in the form of, or along with, 'objections,' should be dismissed." *Pierce v. Mance*, 08 Civ. 4736, 2009 WL 1754904, at *1 (S.D.N.Y. June 22, 2009).

## DISCUSSION

Defendant raises four objections to Judge Fox's Report and Recommendation. First, Defendant argues Plaintiff did not establish a *prima facie* case of pregnancy discrimination as it relates to the Upper Manhattan position. Second, Defendant asserts Rick Zaminer's December 30, 2016 email is consistent with its Rule 56.1 Statement. Third, Defendant argues there is no genuine dispute of material fact concerning pretext related to Defendant's failure to hire Plaintiff for the Upper Manhattan role. Lastly, Defendant claims Plaintiff cannot survive summary judgment by solely demonstrating the legitimate reasons offered by Defendant were not its true reasons for hiring another candidate for the Upper Manhattan role. The Court will address each objection in turn.

## I.  *Prima Facie* Case of Discrimination

Pursuant to Title VII, to assert a claim for failure to hire, a "plaintiff must allege that (1) she is a member of a protected class; (2) she 'applied and was qualified for a job for which the employer was seeking applicants'; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 709 (2d Cir. 1998) (quoting *McDonnell Douglas*, 411 U.S. 792, 802 (1973)); *see also Orosz v. Regeneron Pharm., Inc.*, No. 15CV8504, 2016 WL 6083993, at *3 (S.D.N.Y. Oct. 17, 2016). "Alternatively, a plaintiff may establish the fourth element of a *prima facie* case by demonstrating that the discharge occurred in circumstances giving rise to an inference of unlawful discrimination." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 401 (2d Cir. 1998).

Here, Defendant does not dispute that Plaintiff satisfies each of these elements. Instead, Defendant argues Plaintiff has not established a *prima facie* case because the individual responsible for making hiring decisions, Joe Osborne (Regional Manager for the Northeast Region), was unaware of Plaintiff's pregnancy. In support of this proposition, Plaintiff cites to *Woodman v. WWOR-TV, Inc.*, an age discrimination case, where the Second Circuit "conclude[ed] that a defendant's discriminatory intent cannot be inferred, even at the *prima facie* stage, from circumstances unknown to the defendant." 411 F.3d 69, 82 (2d Cir. 2005). The Second Circuit reasoned that although some of the plaintiff's coworkers were aware of her age, such knowledge was insufficient to establish a *prima facie* case of discrimination; instead, plaintiff "was obliged to offer evidence indicating that persons who actually participated in her termination decision had such knowledge." *Id.*, 411 F.3d at 87–88 (citations omitted). Here, unlike in *Woodman*, Plaintiff has provided evidence that a person who participated in the hiring

3

decision was aware of her pregnancy. Although Osborne had the sole authority and responsibility for making hiring decisions, the December 30, 2016 email demonstrates that Osborne relied on Rick Zaminer's recommendations and representations in determining who should be interviewed for the Upper Manhattan position. *See e.g.,* Pl.'s Ex 2. Zaminer further interviewed Plaintiff and provided feedback to Osborne on her performance. Thus, despite not being the decisionmaker, it cannot be said that Zaminer did not participate in the hiring decision and *Woodman* is inapplicable. The Court therefore overrules Defendant's first objection.

**II.     Pretext**

Once a plaintiff makes a *prima facie* showing, the burden shifts to the defendant to provide a "legitimate, non-discriminatory reason for its actions." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014) (citing *McDonnell Douglas*, 411 U.S. at 802). This burden is "one of production, not persuasion." *Isaac v. City of N.Y.*, 701 F. Supp. 2d 477, 487 (S.D.N.Y. 2010) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)). If the defendant provides a legitimate, non-discriminatory justification, "the burden shifts back to the plaintiff to show that the employer's explanation is a pretext for [prohibited] discrimination." *Kirkland*, 760 F. 3d at 225. At this stage, mere allegations are insufficient. The plaintiff must submit "admissible evidence [that] show[s] circumstances that would be sufficient to permit a rational finder of fact to infer that [the employer's] employment decision was more likely than not based in whole or in part on discrimination." *Id.* (quoting *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)).

Here, the Parties do not dispute that Defendant provided a legitimate, non-discriminatory justification for not hiring her; namely, her poor performance at the interview. However, the Parties' dispute whether Plaintiff has established Defendant's explanation is pretext. In support

of her position, Plaintiff offers the following facts as circumstantial evidence of pregnancy discrimination: the temporal proximity between Plaintiff informing Zaminer of her pregnancy and Plaintiff being rejected for the Upper Manhattan role; Zaminer's failure to respond to Plaintiff's three text messages inquiring about the Midtown Manhattan position despite previously always responding to her text messages; and Defendant's emphasis on Plaintiff's performance at the interview as opposed to her employment history at the company. Plaintiff further offers evidence, namely the December 30, 2016 email, demonstrating Defendant's legitimate, non-discriminatory justification for not hiring her was false. Together, these factors are sufficient to support Judge Fox's finding that Plaintiff has established pretext, such that the Court cannot conclude as a matter of law that Defendant's failure to hire Plaintiff was not discriminatory.

Contrary to Defendant's argument, *Lambert v. McCann Erickson*, is distinguishable from this case. 543 F. Supp. 2d 265, 280 (S.D.N.Y. 2008). In *Lambert*, a pregnant plaintiff was terminated from her job after her direct supervisor and two other executives had a meeting. *Id.* at 275-276. At the time of the termination meeting, only her direct supervisor was aware of her pregnancy. *Id.* at 280. The court explained "'even absent evidence of illegitimate bias on the part of the ultimate *decision maker*,' the impermissible bias of an individual may 'taint the ultimate employment *decision*,' (for which the corporate defendant is responsible) if that biased individual's recommendations or actions proximately lead to the ultimate decision." *Id.* (quoting *Back v. Hastings on Hudson Union Free Sch. District*, 365 F.3d 107, 125–26 & n. 17 (2d Cir.2004)). In other words, a finding of discrimination can be predicated upon the decision maker's reliance on recommendations that were motivated by impermissible considerations of plaintiff's pregnancy. *Id.* (citations omitted) ("But, it bears emphasis that this taint derives from

the impact that the bias-motivated actions or recommendations have on the employment *decision*. It does not arise because one decision-maker's unspoken bias (or here, the knowledge precedent to such bias) may be imputed to all.").

Here, unlike in *Lambert*, the Court cannot conclude that Osborne's decision not to hire Plaintiff was not tainted by impermissible bias. As a preliminary matter, the Court agrees with Judge Fox's finding that the December 30, 2016 email is inconsistent with Defendant's Rule 56.1 Statement indicating "Zaminer did not express any preference for either candidate to any of the three interviewers before the candidates were interviewed." Def.'s R. 56.1 Smt. ¶ 10. In fact, concerning the Upper Manhattan position, Zaminer explicitly states "I would like to bring back Lucien Humphreys. Joe has already approved that move as well." Pl.'s Ex. 2. This statement, coupled with the fact that Zaminer only wanted the position open for three days, strongly indicates Zaminer desire to have Humphreys fill the Upper Manhattan role. Defendant's second objection, accordingly, is overruled. Furthermore, when considering Zaminer's preference for Humphreys, in addition to the change of his texting behavior towards Plaintiff and the temporal proximity between Plaintiff informing him of her pregnancy and his recommendation to Osborne, there is a genuine dispute of material fact concerning whether Defendant's legitimate, nondiscriminatory reason for not hiring Plaintiff was pretextual. Defendant's third and fourth objections are thus overruled.

## CONCLUSION

For the reasons set forth above, the Report is adopted. Accordingly, Defendant's motion for summary judgment is **DENIED** in part and **GRANTED** in part.

**SO ORDERED**

Dated:  March 13, 2020
     New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**